Kahn vs. Lesser.

KAHN, Administrator, Respondent, vs. LESSER, Appellant.

*September 28 — October 22, 1897.*

*Warrant of attorney: Judgment on joint note: Statute of limitations: Waiver of defense.*

1. The authority conferred by a warrant of attorney to confess a judgment must be strictly pursued. A warrant, in the ordinary form, executed by two persons, authorizing the entry of a judgment on

their joint note to which it is annexed, does not authorize the
entry of such judgment against one of the makers alone.

2. Under a warrant authorizing an attorney to confess judgment on
the annexed note for the sum named therein, "or for so much as
shall appear to be due according to the tenor and effect thereof,"
he cannot confess judgment when by the terms of the note the
statute of limitations has run upon the same, even though the
maker against whom it is entered is a non-resident of the state.

3. The attorney acting under such a warrant has no authority to waive
any defense which the defendants or either of them may have to
the note, by admitting any of the allegations of the plaintiff's
complaint.

APPEAL from an order of the circuit court for Milwaukee
county: D. H. JOHNSON, Circuit Judge.    *Reversed.*

The defendant, *Morris Lesser*, and one Barnet Wisotzky
were partners, under the firm name of Lesser & Wisotzky.
In May, 1883, they executed at Milwaukee, Wisconsin, to
Simon Kahn, since deceased, their promissory note for $3,000,
payable on demand, with interest at seven per cent. until
paid.   July 30, 1883, they executed to him a similar note
for $1,000, payable on demand, with like interest.   Annexed
to each of these notes was a *joint* warrant of attorney in
the usual form, for confessing judgment on said notes, signed
by said defendant, *Lesser*, and by said Wisotzky, authoriz-
ing the attorney therein named, or any attorney of any
court of record, in their names and stead, " to enter our ap-
pearance before any court of record in term time or in vaca-
tion in any of the states or territories of the United States,
at any time after the said note becomes due, to waive the
service of process, and confess judgment in favor of the said
Simon Kahn or his assigns " for the sum named in each of
said notes, or so much as should appear to be due accord-
ing to the tenor and effect of said notes, and interest thereon
to the date of the entry of said judgment, together with
costs, and to file a cognovit for the amount that might be so
due, and to release all errors, etc.

On the 5th of May, 1896, said Simon Kahn filed his complaint in the circuit court for Milwaukee county on said notes, claiming $2,977.80 due thereon; stating therein that, as to the said Barnet Wisotzky, any action or proceeding for the recovery of the amount due and unpaid was by the statutes of the state of Wisconsin barred by the lapse of time since the notes became due and payable, but claiming that an action thereon as to the defendant, *Morris Lesser*, was not barred; and alleging that before six years had elapsed from the time of the execution and delivery of the said notes, and after both had become due and payable, the defendant, *Morris Lesser*, departed from the state of Wisconsin, and has ever since continued to absent himself from, and to reside out of, said state, and that a cause of action had accrued upon both of the notes before his said removal.    There was an answer to the complaint of confession on the part of *Morris Lesser* by J. W. Bass, as his attorney, whereby he confessed judgment for the amount of $2,977.80, and costs, allowed at the sum of $29, filing with said answer the notes and warrant of attorney; and judgment was perfected the same day for damages and costs in the sum of $3,006.80. Subsequently, April 22, 1897, the defendant, *Lesser*, filed his verified petition in said proceeding, alleging that the judgment was entered upon confession of J. W. Bass, without authority from said defendant, and that he had not in any manner submitted himself or been subjected to the jurisdiction of the court, and that the judgment was entered without jurisdiction; and he prayed that it might be set aside, vacated, and annulled, etc.

It appeared from affidavits filed therewith that Simon Kahn, plaintiff in said proceeding, died September 1, 1896, intestate, and that letters of administration of his estate had been issued to *Joseph Kahn*, who had qualified as such administrator.    And the said defendant deposed that he had neither authorized, empowered, nor directed the said attorney, J. W. Bass, or any other person, to waive any defense

that he might or did have, or that should at any time exist, to any action that might or should be brought upon said notes. And it was made to appear that *Morris Lesser* never was a resident of the state of Wisconsin, but resided in, and at all times since February, 1885, had been a resident of, the state of New York.

An order was granted requiring *Joseph Kahn*, administrator of the estate of Simon Kahn, to show cause, etc., why the judgment in the above proceeding against *Morris Lesser*, and in favor of Simon Kahn, should not be set aside, vacated, and annulled. Affidavits were filed in opposition to said order,— one by *Joseph Kahn*, showing that said notes were executed and delivered by the defendant, *Morris Lesser*, personally, at the city of Milwaukee, Wisconsin, where he was stopping at the time, and that *Lesser* was in the city of Milwaukee several times in the summer and fall of 1883, and at different times during the years 1883 and 1884 and until early in the year 1885, when he departed from the state, and had ever since continuously been absent therefrom and a resident of some other state, and that since said departure he had never returned to the state of Wisconsin. It further appeared that upon an affidavit of Simon Kahn, and upon his motion, and with the consent of the attorney confessing said judgment, the record and pleadings were amended by changing the name of the defendant therein from " Morris Lasser " to " *Morris Lesser*," to correct an error in that respect.

The court, upon the hearing of said order to show cause, overruled and denied the motion of the said *Morris Lesser* to set aside, vacate, and annul the said judgment as against him, from which he appealed to this court.

For the appellant there was a brief by *John F. Burke*, attorney, and *Jackson B. Kemper*, of counsel, and oral argument by *Mr. Kemper*.

For the respondent the cause was submitted on the brief of *James W. Bass*.

PINNEY, J.   The judgment in this case must stand, if at all, by the authority of the statute.   The proceeding by which it was entered was outside and in derogation of the common-law practice of courts, and the statute, as well as the proceedings under it, must be strictly construed.   *Sloane v. Anderson*, 57 Wis. 131; Freeman, Judgments, § 543, and cases cited in note 2.   It is well settled that the authority to confess a judgment under a warrant or power of attorney must be strictly construed.   An instrument delegating such power is ordinarily subjected to a strict interpretation, and the authority will not be extended beyond that given in terms, or which is necessary to carry into effect what is expressly given.   *Craighead v. Peterson*, 72 N. Y. 279; *Manufacturers & M. Bank v. St. John*, 5 Hill, 500; *Baldwin v. Freydendall*, 10 Ill. App. 106; *Reed v. Bainbridge*, 4 N. J. Law, 351; *Spence v. Emerine*, 46 Ohio St. 433; 28 Am. & Eng. Ency. of Law, 690, § 4; *Chapin v. Thompson*, 20 Cal. 681; *Grubbs v. Blum*, 62 Tex. 426; *Morris v. Bank of Commerce*, 67 Tex. 602.   The rule was well settled at an early day in *Hunt v. Chamberlain*, 14 Am. Dec. 427, upon the authority of Lord ELLENBOROUGH, in *Gee v. Lane*, 15 East, 592, where a warrant of attorney was joint, and a motion was made after the death of one obligor in the bond to enter judgment against the survivor, but he refused, saying: "An action to be brought against *us*" means a joint action. "An authority by two to enter judgment against *us* will not warrant judgment against one alone.   The authority must be pursued.   We cannot violate it." *Raw v. Alderson*, 7 Taunt. 453.   In *Manufacturers & M. Bank v. St. John*, 5 Hill, 500, the court said: "Although the bond is joint and several, I am strongly inclined to the opinion that the warrant will only authorize a joint judgment against all the obligors.   The power is 'to appear for *us and each of us* in an action of debt, to be brought against *us and each of us*.'   If the parties intended to authorize a several judgment

Kahn vs. Lesser.

against each obligor, they have been unfortunate in the choice of language to express their meaning." The rule thus early announced in *Gee v. Lane*, 15 East, 592, has been quite generally adhered to, and we think it is sound in principle, although in *Croasdell v. Tallant*, 83 Pa. St. 193, which was the case of a joint and several note against three persons, and a *joint* warrant of attorney, and one of the makers died, the court refused to set aside a judgment entered on such warrant against the two survivors. The case under consideration is one of an agent constituted for a particular purpose and under a limited power, and he cannot bind the principal if he exceeds that power. The special authority must be strictly pursued. 2 Kent, Comm. *621, note· b. The notes in the present case were *joint* notes, and the warrants of attorney were *joint.* Within the cases cited, it is considered clear that the judgment was entered against *Lesser* without lawful authority for that purpose, and void.

It was conceded in the complaint on which the judgment was entered that any action on the notes for the amount then claimed to be due thereon as against Wisotzky was barred by the statute of limitations, but not barred, as it was claimed, as to the appellant, *Lesser*, by reason of his departure from the state before the statute had run on them as to him, and his continued residence out of the state thereafter. Reliance is placed on the fact that, under the warrants of attorney, the attorney for the defendant, acting under them, by his answer admitted these allegations of the complaint, as well as the other allegations. Both notes upon their face were *prima facie* barred as to *Lesser* when the judgment was entered against him. The warrants authorized the entry of judgment upon the notes for the sums named therein, "or for so much as shall appear to be due according to the tenor and effect thereof," and interest to the date of entry of judgment. According to the tenor and effect of the notes, all remedy thereon had been barred, and

all right of recovery extinguished. The defense of the bar of the statute could not be waived by an attorney by virtue of warrants attached to the notes. *Walrod v. Manson,* 23 Wis. 393; *Brown v. Parker,* 28 Wis. 21. Nor could the attorney waive any defense the defendants or either of them might have to the notes, by admitting any matter that the plaintiff might choose to put in his complaint. Absence of the appellant, *Lesser,* from the state was not material, and did not in the least interfere with or prevent the entry of judgment upon the notes and warrants of attorney, although it might form a good answer to the claim that the notes were barred in a regular action brought upon them in which the statute had been pleaded. But in this special proceeding to enter judgment upon the notes and warrants of attorney the allegation of absence from the state was wholly immaterial.

As the control which courts exercise over judgments entered in special proceedings upon warrants of attorney is of an equitable character, it has occurred to us that although the judgment was entered without lawful authority, upon independent proof of a debt still due and unpaid, the court might perhaps properly refuse to vacate the judgment upon the ground of illegality complained of; but no such showing was made at the hearing.

For the reasons stated, the court erred in denying the motion of the appellant.

*By the Court.*— The order of the circuit court appealed from is reversed, and the cause remanded to that court with directions to grant the motion to vacate and strike off the judgment.

As to judgments confessed on warrants of attorney there is an extensive collection of authorities in a note to *Teel v. Yost* (128 N. Y. 387), in 13 L. R. A. 796.— REP.