PARK HOTEL COMPANY, Respondent, vs. ECKSTEIN-
MILLER AUTO COMPANY, Appellant.

*May 4—June 5, 1923.*

*Judgment: Cognovit on lease: Jurisdiction of court: Statutes.*

1. A real-estate lease is not a "bond or note" within secs. 2895 and
   2896, Stats., providing for the entry of a judgment on cog-
   novit, and a judgment cannot be entered under a warrant of
   attorney in the lease.
2. Although, at common law, judgments on cognovit were per-
   mitted, statutes relating thereto supersede the common law,
   and only such judgments are now permitted on cognovit as
   come within the statutes.

APPEAL from an order of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

The appeal is from an order refusing to vacate a judg-
ment theretofore entered on cognovit.

The *Park Hotel Company,* respondent, being the owner
of the Park Hotel building in the city of Madison, leased
a certain portion of the hotel to the appellant at an annual
rental of $800, payable in instalments of $100 per month.
The lease was in the usual form but contained in addition
a warrant of attorney as follows:

"The party of the second part hereby irrevocably con-
stitutes any attorney of any court of record of this state
attorney for and in his name in default by him of any of
the covenants herein and upon complaint made by the first
party, his agents or assigns, and filed in such court, to enter
their appearance in such court, waive process and service
thereof and confess judgment from time to time for any
rent which may be due and unpaid for fifteen days to said
party of the first part or its assignees, by the terms of this
lease, with costs and twenty dollars ($20) attorneys' fees,
and to waive all errors in said judgment and file a consent in
writing that a writ of restitution or other proper writ of exe-
cution may issue immediately, said party of the second part
hereby expressly waiving all right to any notice or demand
under any statute of this state relating to any forcible entry

and detainer; and it is further agreed by the parties hereto that after the service of notice or the commencement of a suit, or after final judgment for possession of said premises, the first party may receive and collect any rent due and the payment of said rent shall not waive or affect said notice, said suits, or said judgment."

After the execution of the lease some controversy arose between the parties, and the appellant claims that the lease was canceled. The respondent, under the power of attorney, without the service of process, entered judgment for the amount of rent claimed to be due, an attorney of the Dane county bar entering his appearance and confessing judgment on behalf of the appellant. Immediately an execution was issued and property of the respondent seized thereunder. The appellant thereupon made a motion before the circuit court to vacate the judgment. The court refused to vacate the judgment, but made an order allowing the appellant to take issue with the complaint on the payment of costs, and refused to vacate the execution except upon condition that a *supersedeas* bond be given by the appellant.

The appellant claims that the court did not have jurisdiction to enter the judgment, and that it erred in refusing to vacate the judgment and set aside the execution.

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins.*

For the respondent there was a brief by *Sanborn, Blake & Aberg* of Madison, and oral argument by *W. J. P. Aberg.*

CROWNHART, J. Judgments on cognovit are permitted under the statutes of this state, which are as follows:

"Section 2895. A judgment upon a bond or note, with or without a warrant of attorney, may be rendered without action either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed in the next section."

"Section 2896. The plaintiff shall file with his complaint an answer signed by the defendant or some attorney in his behalf, confessing the amount claimed in the complaint or some part thereof, and in case such answer is signed by an attorney an instrument authorizing judgment to be confessed on entered shall be produced to the court or judge signing the judgment and shall be made a part of the judgment roll. The plaintiff or some one in his behalf shall make and annex to the complaint an affidavit stating the amount due or to become due on the note or bond, or if such note or bond is given to secure any contingent liability the affidavit must state concisely the facts constituting such liability and must show that the sum confessed does not exceed the same. No other affidavit shall be necessary although more than a year and a day may have expired since the date of the warrant or instrument. The judgment shall be signed by the court or a judge and shall be thereupon entered and docketed by the clerk and enforced in the same manner as judgments in other cases."

Judgments on cognovit were permitted at the common law, but where the legislature has acted upon the subject, as in this state, we consider that the statutes supersede the common law and that only such judgments are now permitted on cognovit as come within the statutes. It will be noted that the statute provides for such judgments only upon bonds or notes, and the question then arises as to whether or not a lease such as here under consideration is included within the term "note or bond."

1 Black on Judgments, § 50, has this to say:

"All judgments rendered upon the confession of the defendant may be divided into two classes: 1. Those entered in an action regularly commenced by the issuance and service of process. 2. Those entered upon the confession of the defendant, or his warrant of attorney, without the institution of an action. The former class of judgments are well known to the common law and must be tested and sustained by rules and principles existing independently of statutes, while judgments of the latter class derive all their efficacy from positive law and must conform, in order to be

valid, to all the requirements and formalities set up by the legislature."

"It is well established that the authority to confess a judgment without process must be clear and explicit, and must be strictly pursued or the judgment will be void. Judgments by confession are closely scrutinized, and their validity more frequently questioned than any other kind of legal proceedings. While the design of statutes authorizing such judgments is altogether proper, those who desire to overreach their creditors or to cover their property by prior incumbrance resort to this mode of creating liens more than to any other. Since judgments by confession without antecedent process have no basis other than statutes, which are in derogation of the common law, a strict compliance with the statutory provisions is deemed essential. Nevertheless as between the parties a judgment by confession may be good, notwithstanding a failure to comply fully with statutory requirements. In jurisdictions in which the law requires that judgments be signed by the court, such a law applies to judgments by confession, and renders them void if not signed in the manner required." 15 Ruling Case Law, "Judgments," § 103.

We think the above correctly states the law, and we find no authority for the entry of judgment in this case under the warrant of attorney in the lease. A real-estate lease is not a bond or note within the statute.

The circuit court should have vacated the judgment and execution on the motion, on the ground that it was entered without jurisdiction.

*By the Court.*—The order of the circuit court is reversed, with directions to grant the motion of the appellant to vacate the judgment and the execution issued thereon, according to this opinion.