UNITED FINANCE CORPORATION, Appellant, vs. PETERSON, Respondent.

*February 11—May 10, 1932.*

The cause was submitted for the appellant on the briefs of *B. J. Husting* of Mayville, attorney, and *A. W. Lueck* of Beaver Dam of counsel, and for the respondent on those of *Patrick J. McCaffrey* of Milwaukee.

The following opinion was filed March 8, 1932:

FOWLER, J. The judgment voided by the order appealed from was entered (without service of summons) upon an

assigned instrument in form a "conditional sale contract," expressly denominated as' such in the instrument itself, executed on sale of an automobile, signed by both seller and buyer. It noted amounts payable by the purchaser of the balance of the purchase price in instalments . of definite amounts at definite times, but contained no express promise of the buyer to pay. Among numerous other provisions was a warrant of attorney to consent to entry of judgment without process or notice to the purchaser. The statute providing for entry of judgment upon cognovit or warrant of attorney, sec. 270.69, Stats., authorizes such entry upon a "bond or note."

It was held in *Park Hotel Co. v. Eckstein-Miller Auto Co.* 181 Wis. 72, 193 N. W. 998, that a warrant of attorney to consent to judgment contained in a lease did not authorize entry of judgment under the statute, although the rents payable under the lease were definite and certain as to time and amount, on the ground that the lease was not a "note or bond." A formal conditional sales contract is no more a bond or note than is a lease. Perhaps enough is said in the opinion in the *Park Hotel Co. Case, supra,* to render further statement here unnecessary. As there stated, entry of judgment on a warrant of attorney is not authorized unless the case is within the statute. The instrument containing the warrant must be a "note or bond." The instrument here involved is not a note. By the word "note" in the statute is meant not a writing with a mere notation of an amount or amounts payable, but a "promissory note." The common concept of a promissory note is a unilateral instrument containing the express and absolute promise of the signer to pay to a specified person or order, or to bearer, or to a specified person, a definite sum of money at a specified time. This general idea is the basis of the ruling in *Dilley v. Van Wie,* 6 Wis. 209, wherein an instrument whereby the makers promised to pay $300 and interest to the payee or his order at a specified date "subject to the provisions contained in an

agreement" of even date between the payors and the payee, was held not to be a "promissory note" because "its payment was subject to a contingency, or rather to the equities between the parties growing out of a contemporaneous agreement" between them, which "deprived it of its commercial character." The warrant of attorney in that case was held not to "help the matter, for the power to confess judgment is only for the amount due, and that must depend upon the equities before mentioned, which would require to be adjusted before the authority of the attorney to confess the judgment would be complete." If the instrument involved in the *Dilley Case, supra,* was not a promissory note, certainly the conditional sales contract here involved is not. Instead of being a simple promise to pay money, it is a formidable instrument of over 1,500 words, containing not only the contract of sale between the seller and buyer reciting many contractual obligations of the buyer respecting the property sold, but separate contracts of transfer and guaranty between the seller and his assignee. To show that the instrument is not a note under the rule of the *Dilley Case* we need only quote its provision containing the warrant of attorney:

"In the event purchaser defaults on any payment or fails to comply with any condition of this contract, or a proceeding in bankruptcy, receivership, or insolvency be instituted against the purchaser or his property, or the seller deems the property in danger of misuse or confiscation, the full amount shall be immediately due and payable, and the purchaser hereby authorizes any attorney at law to appear for said purchaser in any court of record in the United States, waive the issue and service of process and confess judgment against said purchaser for the amount unpaid hereunder in favor of the seller or assignee."

Whether anything is due under the contract may depend on any one of several contingencies besides mere default in payment, the happening of which can no more be determined from the instrument itself than could the adjustment of

equities which fixed whether anything was due in the *Dilley Case*. And the contract is no more a "bond" than it is a "note." So far as the material part, the promise to pay involved in each, is concerned, there is no difference between the two except formality of expression, and the fact that formerly, whether necessarily so now or not, a bond was under seal and a note was not. 1 Bouvier (Rawle's 3d Rev.) 375; 2 id. 2745.

*By the Court.*—The order is affirmed.

A motion for a rehearing was denied, with $25 costs, on May 10, 1932.