SHAWANO FINANCE CORPORATION, Appellant, vs. JULIUS, Respondent.

*March 6—April 3, 1934.*

For the appellant there was a brief by *C. B. Dillett* and *Winter & Winter,* all of Shawano, and oral argument by *Mr. Paul J. Winter* and *Mr. Dillett.*

For the respondent there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein.*

FAIRCHILD, J.  The judgment entered in favor of appellant was vacated and held for naught on the ground that the instrument described in the statement of facts and alleged to be a note was inseverable from and was a part of the conditional sales contract; that it was therefore not a note upon which judgment could be entered by confession under the statute.  Sec. 270.69, Stats.  The ruling thus made by the trial court was erroneous.  The parties to the transaction intended the instrument to be a note.  It is an unconditional promise in writing made by the respondent to the appellant in which respondent engaged to pay at a fixed future time a sum certain in money to the payee or order.  The inclusion in the note of the acceleration clause and the reference to the conditional sales contract do not destroy its character as a note.  *Thorp v. Mindeman,* 123 Wis. 149, 101 N. W. 417. In that case the court observed that from an early date it had been recognized that a note negotiable on its face retained its character notwithstanding it was secured by mortgage and

that words "secured by real-estate mortgage" upon the face of the note did not alter the situation. Brannan, Negotiable Instruments Law (4th ed.), pp. 13–16, § 1. It thus appears that the vacation of the judgment was not lawful and must be held to have been without effect.

It is well settled in this state and in practically all other jurisdictions that whenever a promissory note contains a reference to some extrinsic contract in such a way as to make the note subject to the terms of that contract, as distinguished from a reference importing merely that the extrinsic agreement was the origin of the transaction, or constitutes the consideration of the note, the negotiability is destroyed. 14 A. L. R. 1126. The same rule has been applied in determining whether the instrument came within the terms of the statute providing for cognovit judgments. *Dilley v. Van Wie,* 6 Wis. *209; *United Finance Corp. v. Peterson,* 208 Wis. 104, 241 N. W. 337. In the latter case the court said:

". . . Entry of judgment on a warrant of attorney is not authorized unless the case is within the statute. The instrument containing the warrant must be a 'note or bond.' . . ."

The common concept of a note is a unilateral instrument containing the express and absolute promise of the signer to pay to a specified person or order, or to bearer, a definite sum of money at a specified time. The instrument involved in the present case, considered independently of the conditional sales contract to which it was originally attached, contains no language which can be so construed as to take it out of the accepted definition of a note or to distinguish it from *Thorp v. Mindeman, supra.* Consequently, as far as the language in the instrument itself is concerned, it must be held to be a note within the meaning of the statute, and subject as such to judgment by cognovit.

The only question which still remains is whether the original attachment of the instrument to the conditional sales

contract is sufficient to take it out of the definition of a note and the operation of the statute. The answer depends on the intention of the parties as manifested by the written agreement. The general rule is that in the absence of express or implied authority to detach the note-form, the whole paper must be considered as one instrument. Then the unauthorized detachment of the note would operate as a material alteration which would not only render the latter non-negotiable and preclude obtaining a cognovit judgment thereon, but would discharge the obligation on the entire instrument. Anson, Contracts (3d Am. ed.), p. 489, § 424; 29 Yale Law Jour. 797; Brannan, Negotiable Instruments Law (4th ed.), pp. 785, 786, § 124; 61 L. R. A. 335; 22 L. R. A. N. s. 263. On the other hand, if the contract was made with the understanding, either express or implied, that the note-form could be detached therefrom, the note is severable and is a distinct instrument, independent of the collateral agreement. This was clearly recognized in *New Bank of Eau Claire v. Kleiner,* 112 Wis. 287, 87 N. W. 1090. In that case a note was given in payment for a membership in a collection agency and when signed was part of the sheet containing the contract between the maker and the collection agency, in such form that the contract and note could be readily separated. The contract provided that the agency would refund the amount of the note in a certain contingency, and the certificate of membership recited the giving of the note as a payment *in præsenti.* The payee detached the note and transferred it to the plaintiff, an innocent purchaser for value. In upholding the latter's right to recover in an action thereon, the court ruled that the payee had a right to separate the note from the contract and use it as a negotiable instrument. An innocent third party was there involved, but it is significant that the court based its decision, not on the ground of estoppel, but on the fact that this was a negotiable note. If an in-

strument is not a promissory note at its inception, it cannot be made one by subsequent detachment. That decision controls the present case, if the evidence here shows that the parties intended to treat the attached instrument as a note.

. As we have stated, the wording of the instrument accords perfectly with the conception of a note; it was separated from the conditional sales contract by a perforated line in order to make it readily detachable. The provisions in the accompanying conditional sales contract, set forth in the statement of facts, plainly show that the parties were considering this instrument as a note; that they contemplated its negotiation, discount, renewal, or extension, entirely independent of the conditional sales contract.

On the facts as outlined, and in view of the decisions cited, we have no choice but to hold that the instrument here was a note and under the statute was subject to a cognovit judgment.

*By the Court.*—Order reversed, and cause remanded with directions to reinstate the judgment vacated.