WISCONSIN SALES CORPORATION, Respondent, vs.
McDOUGAL, Appellant.

*December 9, 1936—January 12, 1937.*

. For the appellant there was a brief by *V. J. O'Kelliher* of Green Bay, and *Adolph P. Lehner* and *Lehner & Lehner* of Oconto Falls, and oral argument by *Mr. O'Kelliher.*

For the respondent there was a brief by *Tom Donoghue* of Oconto, *Allan V. Classon* and *Donald Gleason,* both of Green Bay, and oral argument by *Mr. Donoghue.*

FOWLER, J. The judgment was entered on cognovit. The defendant moved upon an affidavit of merits and a proposed answer to open the judgment and be permitted to defend. The court denied the motion. After the court had entered the order denying this motion, the defendant moved to vacate the judgment for the reason that the instrument on which the judgment was entered is not a "note or bond" within sec. 270.69, Stats., providing for entry of judgments on

cognovit, but a conditional sales contract. This motion was denied. The appellant assigns as error the denial of this motion and in the alternative abuse of discretion in the refusal of the court to open the judgment and permit a defense. The view we take under the first assignment renders it unnecessary to consider the second.

The ground of the motion to vacate the judgment is want of jurisdiction to enter the judgment because cognovit judgments under the statute cited can only be entered on a "note or bond," and the instrument involved is not such an instrument. Whether it is depends on whether it falls within the class of instruments recently considered by this court in *United Finance Corp. v. Peterson,* 208 Wis. 104, 241 N. W. 337, or in *Shawano Finance Corp. v. Julius,* 214 Wis. 637, 254 N. W. 355. In the former, an instrument signed at the end by both parties promising to pay a specified price in instalments at specified times for an article of sale incorporated in a conditional sales contract was held not to be a note within the statute cited, and a judgment entered thereon upon cognovit was vacated. In the latter, an instrument was involved in form a promissory judgment note signed at the bottom of the note proper and by the maker only, which on its face showed that it "covered deferred instalments under a conditional sales contract" made between the payee and the maker thereof. Printed on the same sheet of paper, but separated from the note proper by a line of perforations to provide for convenient detachment, was a conditional sales contract signed by both parties containing provisions for seizure of the property on default of payment commonly inserted in such contracts. It was held that it was intended by the parties that the note should be considered as a separate instrument and that judgment might be entered thereon on cognovit. In the opinion in the former case it was held that because from recitals in the instrument whether anything or

what was due under the contract might depend on contingencies besides mere payment, the happening of which could not be determined from the instrument itself, the instrument could not be considered as within the statute under the rule of *Dilley v. Van Wie*, 6 Wis. *209. The instrument here involved is signed by the buyer only. The first part of it, if it stood alone and was signed directly underneath that part, would be a "note." But the second part, underneath which it is signed, contains provisions similar to those in the contract involved in the *Peterson Case, supra*. What is due on the instrument in suit can no more be determined from the instrument itself than from the one in that case, and the reason of that case requires vacation of the judgment herein involved. The term "note" was held in the *Peterson Case* to imply a unilateral instrument, and the instrument there involved was bilateral. The instrument in suit is also bilateral, although signed by one party only, because it recites the obligation of the payee to hold for the vendee the residue, if any, remaining on sale of the repossessed property covered by the contract after payment of the amount due on the contract. The instrument in suit contains all the provisions relating to defaults, repossession, sale of repossessed property, etc., that were contained in the conditional sales contract involved in the *Peterson Case.* The instrument has indorsed thereon "Conditional Sales Note," with printed matter thereunder for insertion of the date of filing appropriate to conditional sales contracts. We are of opinion that the instrument cannot be distinguished from that in the *Peterson Case* and should be held not to be a note or bond within the statute. This requires reversal, with directions for entry of an order vacating the judgment.

*By the Court.*—The order of the circuit court denying the defendant's motion to vacate the judgment is reversed, and the cause remanded with directions to grant the motion.