Chippewa Valley Securities Company, Appellant, vs. Herbst, imp., Respondent.

*March 15—April 12, 1938.*

For the appellant there was a brief by *Larrabee & Larrabee* of Chippewa Falls, and oral argument by *Orrin H. Larrabee.*

For the respondent the cause was submitted on the brief of *N. T. Leipzig* of Park Falls, attorney, and *Jacob S. Rothstein* of Milwaukee of counsel.

NELSON, J. It is conceded that if sec. 270.69, Stats., as construed by this court in *Park Hotel Co. v. Eckstein-Miller Auto Co.* 181 Wis. 72, 193 N. W. 998; *United Finance Corp. v. Peterson,* 208 Wis. 104, 241 N. W. 337; *Shawano Finance Corp. v. Julius,* 214 Wis. 637, 254 N. W. 355; *Wisconsin Sales Corp. v. McDougal,* 223 Wis. 485, 271 N. W. 25, is constitutional, then this controversy is ruled by these cases; but the plaintiff contends here, as it did in the court below, that sec. 270.69, as construed by this court, (1) violates sec. 12, art. I, of the constitution of this state, and (2) art. XIV of the constitution of the United States.

The judgment was entered in purported compliance with sec. 270.69, Stats., which authorizes the entry of judgment on a bond or promissory note without action on a warrant of attorney.

The contention of the plaintiff that sec. 270.69, Stats., as construed by this court, impairs the obligation of its contract, is in our opinion without merit. The conditional sale contract was entered into long after sec. 270.69 was enacted and long after it had been construed by this court as authorizing a judgment on a warrant of attorney only on a bond or note. In 6 Page, Contracts, § 3676, it is stated:

"A law in force when a contract is made is part thereof. Whatever objections may be made to the validity of such law, it does not impair the obligation of such contracts. To be invalid as impairing the obligation of contracts a statute 'must be one enacted after the making of the contract, the obligation of which is claimed to be impaired.'"

See also 12 C. J. p. 988, § 596.

The plaintiff next contends that sec. 270.69, Stats., as construed by this court, violates art. XIV of the constitution of the United States because it deprives the plaintiff of property without due process of law and unreasonably deprives it of the right to contract. When the plaintiff entered into the conditional sale contract it acquired only such rights as existed under the law. Under the law it had no right to obtain a judgment on a warrant of attorney. We do not perceive, therefore, how it can be claimed that this statute, as construed, deprives the plaintiff of property without due process.

Nor are we impressed with the contention of the plaintiff that sec. 270.69, Stats., as construed, unreasonably limits its right to contract. In 1 Black, Judgments, it is stated:

Sec. 50: "All judgments rendered upon the confession of the defendant may be divided into two classes: 1. Those entered in an action regularly commenced by the issuance and service of process; 2. Those entered upon the confession

of the defendant, or his warrant of attorney, without the institution of an action. The former class of judgments are well known to the common law and must be tested and sustained by rules and principles existing independently of statutes, while judgments of the latter class derive all their efficacy from positive law and must conform, in order to be valid, to all the requirements and formalities set up by the legislature. . . ."

Sec. 51: "One method of confessing a judgment without action or process is by a warrant of attorney. This is an authority given by the debtor to a named attorney, or to any attorney of a given court or in a given jurisdiction, empowering him to appear for the defendant and confess judgment for a designated amount. This differs from a cognovit in that an action must be commenced before a cognovit can be given, but not before the execution of a warrant of attorney. In so far as this procedure may be regulated by statute in any jurisdiction, it must of course comply strictly with the requirements of the law. . . ."

Sec. 52: "Inasmuch as the proceeding last adverted to depends entirely upon statute for its validity, it is evident that a strict construction must be applied to the statute and that its provisions must be strictly complied with in using the authority it grants. . . ."

The rule stated in Black is in accord with our own holdings:

"Both the judgment and the execution in this case must stand, if at all, by the authority of the statute, for they are special proceedings outside and in derogation of the common-law practice of the courts, and the statute, as well as the proceedings under it, must be strictly construed." *Sloane v. Anderson*, 57 Wis. 123, 131, 13 N. W. 684, 15 N. W. 21.

"The judgment in this case must stand, if at all, by the authority of the statute. The proceeding by which it was entered was outside and in derogation of the common-law practice of courts, and the statute, as well as the proceedings under it, must be strictly construed. *Sloane v. Anderson*, 57 Wis. 123; Freeman, Judgments, § 543, and cases cited in

note 2. It is well settled that the authority to confess a judgment under a warrant or power of attorney must be strictly construed. An instrument delegating such power is ordinarily subjected to a strict interpretation, and the authority will not be extended beyond that given in terms, or which is necessary to carry into effect what is expressly given." (Citing cases.) *Kahn v. Lesser,* 97 Wis. 217, 221, 72 N. W. 739.

"It is said that the power to confess judgment by warrant of attorney comes from the common law, and this is true except in so far as the old rule of the common law has been modified by statute and the decisions of the courts of last resort in this country." *Halfhill v. Malick,* 145 Wis. 200, 208, 129 N. W. 1086.

"Judgments on cognovit were permitted at the common law, but where the legislature has acted upon the subject, as in this state, we consider that the statutes supersede the common law and that only such judgments are now permitted on cognovit as come within the statutes." *Park Hotel Co. v. Eckstein-Miller Auto Co.* 181 Wis. 72, 74, 193 N. W. 998.

It is therefore clear that judgments entered pursuant to the provisions of sec. 270.69, Stats., must be entered in strict compliance with it, and that the legislature has the power to declare what judgments may be entered upon warrants of attorney. Judgments on warrants of attorney are held, except in a few jurisdictions, not to be against public policy and are authorized in certain cases by statute. 34 C. J. p. 104, § 278. But in some states, notably Missouri and West Virginia, such judgments are held to be against public policy or void where no statute exists. *First National Bank of Kansas City v. White,* 220 Mo. 717, 120 S. W. 36; *Farquahar & Co. v. DeHaven,* 70 W. Va. 738, 75 S. E. 65. In *Harper v. Cunningham,* 5 App. D. C. 203, an act of the state of Maryland which prohibited the exacting of bonds with power of attorney to confess judgment thereon was recognized as valid. We think it clear that when the legisla-

ture limited judgments on warrants of attorneys to bonds and notes it violated no constitutional provision.

The plaintiff finally contends that, regardless of its other contentions, the judgment should not have been set aside because no proposed answer was submitted and no affidavit of merits filed. The defendant's motion was based entirely upon want of jurisdiction or want of authority to enter the judgment on the warrant of attorney contained in the conditional sale contract. Since the motion to vacate was based solely upon a lack of jurisdiction, it seems clear that no proposed answer or affidavit of merits was required. The whole proceeding was void. The general rule, of course, is that a judgment will not be set aside unless there is a showing that the defendant has a meritorious defense to the action. That rule, however, is subject to the exception that a party is entitled to have a judgment against him vacated without any showing of merits where the judgment attacked is void for want of jurisdiction. 34 C. J. p. 333. To the same effect is *Western P. & M. Co. v. American M. S. Co.* 175 Wis. 493, 185 N. W. 535. Since the judgment on the conditional sale contract was entered without any authority whatsoever and was void, we consider that the court committed no error in ordering that the judgment be vacated, set aside, and held for naught, but without prejudice to the right of the plaintiff to commence an action against the defendants on its conditional sale contract.

*By the Court.*—Order affirmed.