Husman, Respondent, vs. Miller, Appellant.

*May 13—June 10, 1947.*

The cause was submitted for the appellant on the brief of *Lehner & Lehner, Adolph P. Lehner,* and *Howard N. Lehner,* all of Oconto Falls, and for the respondent on the brief of *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton.

RECTOR, J. The appellant contends that the judgment was void as to him for jurisdictional error upon the grounds that, (1) the complaint did not state a cause of action against him; (2) the warrant of attorney did not authorize a judgment against him; (3) the answer was not verified; and (4) the affidavit in support of the complaint was insufficient.

The complaint set out that "The defendants above named for a valuable consideration made, executed, and delivered unto the First National Bank" a certain promissory note which

had been duly assigned to the plaintiff. The note was filed with the complaint in accordance with the requirements of sec. 270.69, Stats. It was executed "Miller Bros. by M. Miller." The appellant argues that the complaint and the note must be considered together, that the note shows on its face it was not executed by William Miller, that there is no allegation in the complaint identifying him as a member of a copartnership known as Miller Brothers, and that there was thus no showing that he was liable for payment of the note. The contention is not meritorious. A judgment upon confession entered in a court of competent jurisdiction is supported by the same presumptions with respect to the regularity of the proceedings, the sufficiency of the pleadings and evidence, and other matters essential to its validity as is a judgment in a contested action. *Wessling v. Heib* (1923), 180 Wis. 160, 192 N. W. 458. The jurisdictional requirement as to the filing of the note and complaint was met and the presumption attaches that the appellant was a member of a copartnership doing business as Miller Brothers and that as a member of the copartnership he was bound by the execution in the firm name.

The argument with respect to the sufficiency of the warrant of attorney is based upon the same ground. It is claimed that the warrant, being a part of the note, does not show authority to confess judgment against the appellant. The observations made with respect to the sufficiency of the complaint are applicable. The case is unlike *Kahn v. Lesser* (1897), 97 Wis. 217, 72 N. W. 739, upon which appellant relies. There the warrant of attorney was joint and authorized the entry of judgment against the joint makers of the note. The court held that it did not authorize confession of judgment against a single maker. The irregularity appeared upon the face of the record. Here there is no such irregularity. It does not appear in the record that appellant was not a member of the copartnership of Miller Brothers or that the note did not represent a partnership obligation.

The contention that the answer requires a verification is likewise without merit. The procedure relating to judgments by confession is special. There is no requirement that the complaint or answer be verified. The provisions of sec. 263.24, Stats., requiring a verification of pleadings is applicable to civil actions only. Sec. 263.01. Civil actions are instituted by service of a summons. Sec. 262.01. The statutory proceeding relating to judgment by confession is not a civil action.

The affidavit was not jurisdictionally defective. The appellant relies upon *Sloane v. Anderson* (1883), 57 Wis. 123, 13 N. W. 684, 15 N. W. 21, as holding that it is. We think the affidavit sufficient, but even if it were not, there is no jurisdictional error. It was made and annexed to the complaint, as required by sec. 270.69, Stats. A defect or irregularity in content is not jurisdictional. Any inference to the contrary in *Sloane v. Anderson* does not conform to our decisions generally, and is disapproved.

"It seems to be well settled that even if the affidavit which is attached to the complaint on which judgment is confessed, under sec. 2896, R. S. [sec. 270.69, Stats.], is defective and insufficient under that section, yet the judgment is not void, but only voidable, and that in the absence of equities on the part of the debtor it will not even be set aside on motion. . . . *Rogers v. Cherrier,* 75 Wis. 54; *Marshall & Ilsley Bank v. Milwaukee Worsted Mills,* 84 Wis. 23; *Horning v. E. Griesbach Brewing Co.* 84 Wis. 71. . . ." *F. Mayer Boot & Shoe Co. v. Falk* (1895), 89 Wis. 216, 217, 61 N. W. 562. See also *Pirie v. Hughes* (1878), 43 Wis. 531; *McCabe v. Sumner* (1876), 40 Wis. 386.

Where, as in *Chippewa Valley Securities Co. v. Herbst* (1938), 227 Wis. 422, 278 N. W. 872, jurisdictional defects are apparent on the face of the record, a judgment on confession will be vacated without a showing of equities on the part of the debtor. There the instrument upon which the judgment was confessed was not a bond or a note and the

statute was said to authorize no confession in such cases. Here there is no such jurisdictional defect and no showing of equities on the part of the debtor.

*By the Court.*—Order affirmed.