RASSETTE v FRANKEL

1. BILLS AND NOTES—PROMISSORY NOTES—GUARANTOR'S LIABILITY.
   The liability of a guarantor of a promissory note is the same
   as that of a co-maker (MCLA 440.3416[1]).

2. BILLS AND NOTES—PROMISSORY NOTE—GUARANTOR'S LIABILITY—
   FAILURE TO PROCEED AGAINST COLLATERAL.
   Failure by the payee of a promissory note to proceed first
   against and recover upon collateral securing that note does
   not discharge a guarantor of the note, because the payee has
   no duty to resort either to the collateral or any other party
   before seeking payment from the guarantor (MCLA 440.3416
   [1]).

3. GARNISHMENT — TERMINATING GARNISHMENT ACTION — GARNISH-
   MENT BOND.
   Terminating garnishment proceedings without requiring a gar-
   nishment bond from the defendant was not error where the
   garnishments were prior to judgment and defendant filed a
   bond pursuant to an appeal of an issue involved in the main
   suit, because the garnishor was fully protected (GCR 1963,
   738.16, 808.1).

Appeals from Wayne, Richard M. Maher, J. Sub-
mitted Division 1 February 3, 1972, at Detroit.
(Docket Nos. 10349, 11265.) Decided March 21,
1972.

Complaint by Muriel Rassette against Samuel
Frankel and others for recovery on a promissory

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 11 Am Jur 2d, Bills and Notes §§ 533, 534.
[3] 6 Am Jur 2d, Attachment and Garnishment § 523 et seq.

note upon which the defendants were guarantors. Summary judgment for plaintiff. Release of writs of garnishments ordered. Defendant Frankel appeals the summary judgment; plaintiff appeals the order releasing the writs of garnishment. Affirmed as to both appeals.

*R. G. Corace, P. C.* (by *Wayne A. Smith*), for plaintiff.

*Schlussel, Lifton, Simon & Rands* and *Honigman, Miller, Schwartz & Cohn,* for defendant Frankel.

Before: QUINN, P. J., and J. H. GILLIS and V. J. BRENNAN, JJ.

QUINN, J. Defendant Frankel appeals from a summary judgment, GCR 1963, 117.2(2), in favor of plaintiff, and plaintiff appeals from the trial court order releasing writs of garnishment. The appeals were consolidated for hearing and disposition.

November 15, 1968, plaintiff's assignor sold 250 shares of the common stock of Elkay Vending Company to Motor City Vendors, Inc., for $8,500. The purchase price was paid by $1,000 down and a promissory note dated November 15, 1968, for $7,500, payable $250 per month commencing January 2, 1970. Defendant Frankel and the other defendants, all officers or directors of Motor City, signed the note as guarantors. The note was secured by a security agreement of even date also signed by defendant Frankel and the other defendants as guarantors. As part of the same transaction, and simultaneously, Motor City purchased all of the remaining outstanding capital stock of Elkay Vending Company from the remaining stock-

holders. The security agreement covered equipment of Elkay Vending Company, hereinafter referred to as collateral.

January 16, 1970, Motor City filed a petition for arrangement under Chapter XI of the Bankruptcy Act. May 19, 1970, plaintiff notified Motor City of default on the note, and June 17, 1970, she notified all guarantors of the default and demanded payment in full within five days. Payment was not received and plaintiff filed this action June 24, 1970.

June 16, 1970, plaintiff was ordered by the bankruptcy court to prove the validity, amount, and priority of her security interest in the collateral. Plaintiff filed answer, and by order of July 16, 1970, the bankruptcy court confirmed plaintiff's security interest in the collateral, which was encumbered by competing security interests. Plaintiff never took possession of the collateral nor did she have her priority therein determined.

July 16, 1970, defendant Frankel filed an answer to plaintiff's complaint and a cross-complaint. July 31, 1970, plaintiff filed a motion for summary judgment which Frankel opposed by affidavit filed August 6, 1970. At a hearing August 14, 1970, defendant Frankel, by counsel, stated that the only serious defense he asserted against plaintiff's claim was "that plaintiff had discharged defendant Samuel Frankel, as guarantor, by failing to take possession of the collateral and recover thereon, defendant claiming that plaintiff had a duty to resort to the collateral before calling upon the guarantor".

The trial court ruled that, as defendant Frankel was a guarantor of payment, and not merely a guarantor of collection, plaintiff had no duty to take any affirmative step to take possession of, or recover upon, the collateral before resorting to the guarantors. August 21, 1970, summary judgment

against defendant Frankel and the other defendants was entered.

The trial court properly granted summary judgment. There were no disputed material facts. Defendant Frankel was a guarantor, MCLA 440.3416 (1); MSA 19.3416(1). His liability was the same as a co-maker. The defense asserted was no defense to plaintiff's cause of action because plaintiff had no duty under MCLA 440.3416(1), *supra,* to resort either to the collateral or any other party before seeking payment from the defendants.

When plaintiff filed her complaint she also filed affidavits for writs of garnishment which were issued June 24, 1970, and served June 25, 1970. September 10, 1970, defendant Frankel filed claim of appeal, stay bond, and obtained and filed an order granting the stay. October 30, 1970, the trial court granted defendant Frankel's motion to set aside the garnishments.

On the basis of GCR 1963, 738.14 and 738.15, plaintiff contends it was error for the trial court to terminate the garnishment proceedings without requiring a bond from defendant Frankel. GCR 1963, 738.16 authorizes the action of the trial court. The garnishments involved were prior to judgment, and defendant Frankel had filed a bond pursuant to GCR 1963, 808.1, which gave plaintiff all the protection required by GCR 1963, 738.14 plus that afforded by GCR 1963, 808.

The trial court is affirmed in all respects with costs to plaintiff on the appeal of Frankel and costs to defendant Frankel on the appeal of plaintiff.

All concurred.