A. I. C. FINANCIAL CORPORATION, Respondent, v. COMMERCIAL UNITS, INCORPORATED, Defendant: LOZOFF, Defendant-Appellant.

*No. 75–22. Argued September 8, 1976.—Decided October 5, 1976.*
(Also reported in 245 N. W. 2d 923.)

For the appellant there were briefs by *Hunter & Tikalsky* and oral argument by *James R. Sommers,* all of Waukesha.

For the respondent there was a brief by *Ned R. Nashban* and *Howard, Peterman & Eisenberg* of Milwaukee, and oral argument by *Mr. Nashban.*

ABRAHAMSON, J. Two questions are presented on this appeal:

I. Can a cognovit judgment be rendered in Wisconsin against a guarantor of payment of a promissory note under sec. 270.69, Stats. 1965?

II. Does a satisfaction of a judgment of foreclosure or a release of a money judgment lien constitute an admission by the judgment creditor that the adjudicated money obligation has been satisfied?

The facts, briefly stated, are as follows:

On April 30, 1965, the A.I.C. Financial Corporation (hereinafter referred to as AIC) loaned the sum of $100,-

000 to Commercial Units, Incorporated (hereinafter referred to as Commercial). Commercial's debt to AIC was evidenced by a negotiable installment note signed by appellant Emanuel S. Lozoff as president of Commercial. The note was secured by a mortgage of the same date on real estate in Milwaukee county. Emanuel Lozoff, president and sole shareholder of Commercial, also signed a personal guaranty of payment on the note.

Both the note and the guaranty contained cognovit judgment and choice of law provisions. The provisions in the guaranty, which are virtually identical to those of the note, are as follows:

"And the undersigned hereby authorize, irrevocably, any attorney-at-law to appear for any or all of the undersigned, either jointly or severally in any court of record in the United States, in term time or vacation, and waive the issuance and service of process and confess a judgment against any or all of the undersigned, either jointly or severally if any installment or other obligation or liability evidenced hereby is not paid when due, in favor of the holder hereof, for such amount as may appear to be unpaid or declared due and payable hereon, together with costs and reasonable attorney's fees, and to release all errors which may intervene in any such proceedings, and waive all right to appeal, and consent to immediate execution upon such judgment; hereby agreeing that no writ of error or appeal shall be prosecuted from such judgment, nor any bill in equity filed to restrain the operation of said judgment or any execution hereon, hereby ratifying and confirming all that said attorney may do by virtue hereof. This paragraph shall be of no effect in the State of Indiana, or in any other state in which the inclusion of this paragraph would affect the validity, legality, negotiability or enforcement of this guaranty, but in such case all the remaining terms and provisions of this guaranty shall subsist and be fully effective according to the tenor of this guaranty, the same as though this paragraph had never been included herein. This guaranty shall be governed as to validity, enforcement, interpretation, construction, effect and in all other respects by the laws and decisions of the State of Illinois."

Commercial defaulted on the note and on August 12, 1966, AIC obtained a cognovit judgment against Commercial and Lozoff in the sum of $107,005.18.

In January, 1966, Commercial transferred title in the mortgaged real estate to Lozoff. Shortly thereafter Federated Mortgage Investors began an action seeking to foreclose mortgages on a number of properties in Milwaukee county including parcels of land mortgaged by Commercial to AIC. Commercial and Lozoff were named defendants in this case, and AIC cross-complained against Commercial for a judgment of foreclosure and sale upon its mortgage. An amended judgment was entered February 29, 1968, directing sale of all properties and fixing the amounts due the various mortgagees. The debt owing by Commercial to AIC was fixed at the amount of the earlier judgment, together with additional interest.

No public sale was held. On July 2, 1968, an attorney for Commercial stated on the record in the foreclosure action that he had a buyer for all parcels of land involved in that action, and the sale was closed on August 22, 1968.

On August 12, 1968, officers of AIC executed a satisfaction of the mortgage earlier given it by Commercial. The satisfaction was a standard printed form which reads "a certain mortgage . . . is fully paid, satisfied and discharged." The word "paid" was deleted by typing "x's" through it. Also on August 12th, AIC executed a "Partial Release of Judgment Lien" by which it released the lien arising out of entry of the cognovit judgment against Commercial and Lozoff "with respect to, and only with respect to" the five parcels of land involved in the foreclosure action and the August 22nd sale. Finally, on August 13, 1968, an attorney for AIC executed on its behalf a satisfaction of the amended judgment in the foreclosure action. As originally typed the satisfaction read in part "The Amended Judgment . . . having been fully paid and satisfied . . . ." However, the words "fully paid and" were lined out in the executed document.

On September 18, 1973, AIC assigned the cognovit judgment to Shore Heights, Ltd., an Illinois corporation. Pursuant to sec. 272.04 (1), Stats., on November 5, 1973, Shore Heights sought an order directing that execution issue in its favor on the cognovit judgment. Lozoff opposed the Shore Heights' petition on several grounds, only two of which are relevant here. He claimed that the cognovit judgment was not authorized by sec. 270.69, Stats. 1965, and was therefore void, and in the alternative, that the satisfaction of the judgment in the foreclosure action satisfied the cognovit judgment as well.

On November 12, 1974, the circuit court rendered its final decision, ruling adversely to Lozoff on all issues, and on November 25, 1974, an order was entered denying Lozoff's motions to vacate the judgment and granting Shore Heights leave to execute thereon. Lozoff timely perfected his appeal from this order.

## I.

Sec. 270.69, Stats., 1965 (since amended), provided:

"270.69 Judgment without action; warrant of attorney.

"(1) A judgment upon a bond or promissory note may be rendered, without action, either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant or both, in the manner prescribed in this section.

"(2) The plaintiff shall file his complaint and an answer signed by the defendant or some attorney in his behalf, confessing the amount claimed in the complaint or some part thereof, and such bond or note and, in case such answer is signed by an attorney, an instrument authorizing judgment to be confessed. The plaintiff or some one in his behalf shall make and annex to the complaint an affidavit stating the amount due or to become due on the note or bond, or if such note or bond is given to secure any contingent liability the affidavit must state concisely the facts constituting such liability and must show that the sum confessed does not exceed the same.

The judgment shall be signed by the court or a judge and shall be thereupon entered and docketed by the clerk and enforced in the same manner as judgments in other cases."

■ The note and the guaranty each contained a clause providing that they were to be ". . . governed as to validity, enforcement, interpretation, construction, effect and in all other respects by the laws and decisions of the State of Illinois." Although the parties may agree that the law of a state which bears a reasonable relation to the transaction shall govern their rights and duties (sec. 401.105, Stats.), we believe Wisconsin law, and not Illinois law, determines whether a cognovit judgment can be rendered against a guarantor.

■ Proceedings in Wisconsin for entry of judgments on warrants of attorney were special proceedings, not civil actions. *Husman v. Miller* (1947), 250 Wis. 620, 623, 27 N. W. 2d 731. A distinctive feature of the statute regulating judgments on warrants was that service of process on the defendant debtor was not required. The legislature declared what judgments could be entered upon warrants of attorney, and only such judgments as came within the statute could be entered upon warrant of attorney. A judgment upon a type of obligation not falling within the statute "was entered without any authority whatsoever and was void." *Chippewa Valley Securities Co. v. Herbst* (1938), 227 Wis. 422, 428, 278 N. W. 872. *See also:* *Sloane v. Anderson* (1883), 57 Wis. 123, 131, 13 N. W. 684, 15 N. W. 21; *Park Hotel Co. v. Eckstein-Miller Auto Co.* (1923), 181 Wis. 72, 75, 193 N. W. 998. Lozoff and AIC could not alter this result by contract.

Lozoff claims that the judgment was void as to him because the Wisconsin statute speaks only in terms of judgment upon a bond or promissory note, and a contract of guaranty is entirely separate from that contained in the promissory note to which the guaranty is appended. In *Sedlet Plumbing & Heating v. Village Court, Ltd.* (1973), 61 Wis.2d 479, 212 N.W.2d 681, a cognovit

judgment was entered against both a corporation on the note and its president upon his guaranty. However, the issue here involved was not raised by the parties or the court.

The simplified statutory procedure for cognovit judgments was designed for those cases in which there is an unconditional promise to pay. In such cases there is little possibility of a legal defense to the debt. Where the promise to pay is subject to contingencies or controversies between the parties arising out of contemporaneous agreements, *e.g.*, a lease or sales contract, the likelihood of legal defenses increases and so does the need for a judicial hearing. Note, *Consumer Protection—Truth In Lending And The Cognovit Judgment*, 1970 Wis. L. Rev. 216, 219, 220; *United Finance Corp. v. Peterson* (1932), 208 Wis. 104, 106, 241 N. W. 337. *See Park Hotel, supra,* vacating a judgment entered upon a warrant of attorney in a lease, and *Chippewa Valley Securities, supra,* vacating a judgment entered upon a warrant of attorney in a conditional sales contract on the ground that neither a lease nor a conditional sales contract constituted a bond or note.

An inquiry must be made to determine the nature of the liability of a guarantor of payment. Illinois is the law chosen by the parties to govern their rights and responsibilities under the guaranty, and the Uniform Commercial Code was in effect in Illinois at times material to this case. Under the Code, the guarantor becomes liable on the note if his signature appears thereon. Ill. Rev. Stats. (1973), ch. 26, sec. 3–401 (1). *See also:* sec. 403.401 (1), Wis. Stats.; sec. 116.22, Stats. 1963; *Jennaro v. Jennaro* (1971), 52 Wis.2d 405, 190 N.W.2d 164. Sec. 3–416 (1) of the Uniform Commercial Code (Ill. Rev. Stats. (1973), ch. 26, sec. 3–416 (1)) recognizes that once the guarantor's liability becomes fixed by nonpayment on the part of the principal, the guarantor's liability is determined by the tenor of the instrument:

" 'Payment guaranteed' or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party."

The U.C.C. defines the liability of a maker similarly—he will pay the instrument according to its tenor. Ill. Rev. Stats. (1973), ch. 26, sec. 3–413.

■ ■ The liability of a guarantor of payment has been held to be indistinguishable from that of a co-maker. *Weger v. Robinson Nash Motor Co.* (1930), 340 Ill. 81, 85, 172 N. E. 7; *Rassette v. Frankel* (1972), 39 Mich. App. 172, 197 N. W.2d 330. *See: Estate of Melvin* (1972), 5 Ill. App.3d 463, 465, 283 N. E.2d 303; 11 Am. Jur.2d, *Bills and Notes,* secs. 530 and 534. Accordingly, we conclude that a judgment without action could be entered pursuant to sec. 270.69, Stats. 1965, upon a guaranty of payment of a promissory note, where the guaranty was part of the note and where the power to confess judgment was expressly granted in the guaranty.

## II.

Lozoff claimed in the trial court, and claims here, that the satisfaction of the mortgage foreclosure judgment and the release of the judgment lien, as a matter of law, constitute a satisfaction of the cognovit judgment on the note. Lozoff has never claimed that the judgment was in fact fully paid; yet he asserts that the trial court should have declared the judgment satisfied under sec. 270.90, Stats., which reads in part:

"When a judgment has been fully paid but not satisfied or the satisfaction has been lost the trial court . . . may by order declare the same satisfied and direct satisfaction to be entered upon the docket."

The statute speaks to the case where the judgment has been fully paid, and has no application here.

Lozoff relies upon *White Eagle Building & Loan Asso. v. Freyer* (1939), 231 Wis. 563, 286 N. W. 32, for the following:

"It is well settled in this state that a mortgagee may bring an action on his note or bond, secured by a mortgage, and obtain judgment for the amount thereof, and that later on, in case such judgment is not paid, he may bring a foreclosure action. . . . If a mortgagee follows that procedure and brings two separate actions he must, of course, ultimately satisfy the personal judgment obtained by him to the extent of the net proceeds received by him upon the sale of the mortgaged premises in the foreclosure action." 231 Wis. at 567, 568.

The opinion properly speaks of satisfying the personal judgment "to the extent of the net proceeds received." The case does not hold that upon a sale in a foreclosure action the entire personal money judgment is satisfied as a matter of law.

The judgment of foreclosure did not adjudge that the debtor pay the amount due on the note and mortgage. It only determined the amount due and that the premises be sold to pay it.

The words "fully paid" were deleted on the satisfaction of the foreclosure judgment. The word "paid" was deleted on the mortgage satisfaction executed by AIC. No document was executed specifically satisfying the cognovit money judgment. AIC merely executed a release of the cognovit money judgment lien as to certain parcels of real estate.

█ Absent proof of a contrary intent, the satisfaction of the judgment of foreclosure and sale, the satisfaction of the mortgage, and the release of the judgment lien—in all of which reference to actual payment of indebtedness had been deleted—did not constitute, as a matter of law, a satisfaction of the cognovit judgment on the note.

*By the Court.*—Order affirmed.