Coon and another, Respondents, vs. Seymour and others, Appellants.

*March 2 — March 27, 1888.*

*Vacating judgment: Jurisdiction of one court over judgments of another: Equity: Laches: Limitation of actions.*

1. A circuit court in which a transcript of a judgment rendered by the municipal court of the city and town of Ripon has been filed and docketed, has no jurisdiction of an action to open and set aside such judgment, the said municipal court being a court of record, capable of granting the necessary relief.

2. Where a bill in equity discloses gross laches the court will, on its own motion, refuse relief even without such laches having been pleaded.

3. *It would seem* that a delay of fifteen years after knowledge of the entry of a judgment, before the commencement of an action to set it aside, would be such gross laches as to preclude equitable interference.

4. An action upon a judgment which may be brought within twenty years after the cause of action accrued, under sec. 4220, R. S., is an action to confirm and enforce the judgment, not an action to set aside and avoid it.

APPEAL from the Circuit Court for *Eau Claire* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears that July 1, 1864, the plaintiffs herein, *A. L. & S. E. Coon,* made and delivered to S. L. Sheldon & Bro., the payees therein, two promissory notes, one for $100, due

February 1, 1865, and one for $60, due January 1, 1866, each with interest at seven per cent., and accompanied by a warrant of attorney to confess judgment; that July 7, 1868, the said notes having been assigned and transferred to the firm of *Seymour, Morgan & Allen*, the defendants herein, the said *Seymour, Morgan & Allen* took and entered up judgment in their favor and against the said *Coons*, under and by virtue of such warrants of attorney, in the municipal court of the city and town of Ripon, the same being at the time a court of record in this state, for $235.54 damages and costs; that July 20, 1868, a transcript of said judgment was duly filed and docketed in the office of the clerk of the circuit court for Eau Claire county; that November 24, 1883, execution was issued thereon, with leave of the court, to the sheriff of Eau Claire county, who returned the same unsatisfied; that thereupon *Seymour, Morgan & Allen*, with the purpose of collecting the whole of said judgment, commenced supplementary proceedings against said *S. E. Coon* before a court commissioner at Eau Claire, in which he was required to appear, and did appear, before the commissioner, May 31, 1884, and answered, and an issue was made thereon, and that the same was still pending and undetermined when this action was commenced, about July 9, 1884, to set aside and vacate said judgment and to enjoin the collection thereof, and to enjoin said supplementary proceedings.

The allegations of the complaint are to the effect that the said *Coons* had sustained damage to the amount of $275 and the interest thereon, by reason of the breach of warranty on the machinery for which the notes were given, July 1, 1864; that February 1, 1865, the *Coons* paid on one of said notes $60, which was not deducted therefrom when the judgment was entered; that in 1869 the said *Coons* paid to the sheriff, upon an execution issued thereon, $50 in compromise and satisfaction of the judgment. The said *Seymour,*

*Morgan & Allen* answered, admitting the notes, warrants of attorney, judgment entered thereon, execution, and supplementary proceedings, but in effect denied each of such alleged payments; also denied the alleged compromise, or the authority of the sheriff or any one to make such compromise; also denied the making of any such warranty, or any consideration therefor.

Issues were submitted to the jury, which found, in effect, that said machinery was warranted, and that said *Coons* sustained damages by reason of the breach thereof in the sum of $190; that $60 was paid on the note February 1, 1865; that $50 was paid to the sheriff upon an execution in his hands, in December, 1869, for which the sheriff gave a receipt in full. The court confirmed such findings, and made others of fact above mentioned and admitted; and as conclusions of law the court found, in effect, that the said *Coons* were entitled to judgment canceling each of said notes and releasing them from all liability thereon; and that said *Seymour, Morgan & Allen*, and each of them, their agents and assigns, be perpetually enjoined from collecting, or attempting to collect, said judgment or any part thereof, and from prosecuting such supplementary proceedings; and that the docketing of the judgment in Eau Claire county be canceled and vacated, and for costs. And judgment was ordered thereon accordingly, which was entered, and from which the said *Seymour, Morgan & Allen* appeal.

*T. F. Frawley*, for the appellants, argued, among other things: (1) A judgment of confession has all the qualities, incidents, and attributes of other judgments, and is in legal contemplation and effect a judicial and final determination of a court in the exercise of its jurisdiction. Freeman on Judg. sec. 547; *Hoffman v. Coster*, 2 Whart. 453; *Braddee v. Brownfield*, 4 Watts, 474; *Hageman v. Salisberry*, 74 Pa. St. 286; *Farrington v. Freeman*, 2 Edw. Ch. 572; *Lanning v. Carpenter*, 23 Barb. 402; *Gifford v. Thorn*, 9 N. J. Eq.

702, note; *Iglehart v. Morris*, 34 Ill. 501; *Rising v. Brainard*, 36 id. 79; *Osgood v. Blackmore*, 59 id. 261; *Bush v. Hanson*, 70 id. 480; *Blaikie v. Griswold*, 10 Wis. 294; *Wells v. Morton*, id. 468; *Egan v. Sengpiel*, 46 id. 710. (2) Supplementary proceedings are equitable proceedings in the action,— a sort of additional equitable execution, penetrating farther than ordinary executions, and under the control of the court whose judgment is sought thereby to be enforced. *Ross v. Clussman*, 3 Sandf. 676; *Bank of Genesee v. Spencer*, 15 How. Pr. 412; *Gould v. Torrance*, 19 id. 560; *Wegman v. Childs*, 41 N. Y. 159; *Mann v. Blount*, 65 N. C. 99; *Barker v. Dayton*, 28 Wis. 367. (3) An action will not lie in one court to enjoin the collection of a judgment recovered in another court of concurrent jurisdiction. Freeman on Judg. sec. 95; High on Injunctions, sec. 265; *Ludington v. Peck*, 2 Conn. 700; *Amory v. Amory*, 3 Biss. 266; *Anthony v. Dunlap*, 8 Cal. 27; *Rickett v. Johnson*, id. 35; *Chipman v. Hibbard*, id. 268; *Gorham v. Toomey*, 9 id. 77; *Uhlfelder v. Levy*, id. 607; *Flaherty v. Kelly*, 51 id. 145; *Crowley v. Davis*, 37 id. 268; *Judson v. Porter*, 51 id. 562; *Poultney v. Treasurer*, 25 Vt. 168; *Johnson v. Harvey*, 4 Mass. 485; *Stearns v. Stearns*, 16 id. 171; *Brackett v. Winslow*, 17 id. 153; *Baker v. Judges*, 4 Johns. 191; *Grant v. Quick*, 5 Sandf. 612; *Wardell v. Eden*, 2 Johns. Cas. 258; *Simpson v. Hart*, 1 Johns. Ch. 91; *Smock v. Dade*, 5 Rand. 639; *Maclean v. Speed*, 52 Mich. 257; *Merril v. Lake*, 16 Ohio, 373; *La Crosse & Minn. P. Co. v. Reynolds*, 12 Minn. 213; *Johnston v. Paul*, 23 id. 46; *Lacock v. White*, 19 Pa. St. 497; *Boyd v. Miller*, 52 id. 431; *Newhart v. Wolfe*, 102 id. 566; *Ex parte Baldwin*, 69 Iowa, 502; *State v. Pauley*, 12 Wis. 538; *Parish v. Marvin*, 15 id. 247; *McDonald v. Falvey*, 18 id. 571; *Johnson v. Coleman*, 23 id. 452; *Platto v. Deuster*, 22 id. 482; *Endter v. Lennon*, 46 id. 300; *Fenske v. Kluender*, 61 id. 602. (4) Supplementary proceedings are in their nature equitable proceedings in the action, and

cannot be enjoined by another equitable action commenced in a court other than the one whose judgment is sought to be enforced. *Gould v. Torrance,* 19 How. Pr. 560, and cases above cited. (5) Relief against fraudulent and unconscionable judgments is granted by the courts in the exercise of their equitable powers, and must be done in the nature of a bill of review, which must be brought in the court where the record remains. Story's Eq. Pl. sec. 426; *Arnold v. Styles,* 2 Blackf. 391; *Parish v. Marvin,* 15 Wis. 247; *Johnson v. Coleman,* 23 id. 452; *Fenske v. Kluender,* 61 id. 602.

*Alexander Meggett,* for the respondents, contended, *inter alia,* that to prevent the collection of a judgment at law by confession, not for irregularity but for merits *dehors* the record, *action* and not *motion* is the proper remedy and better practice. *McIndoe v. Hazleton,* 19 Wis. 567, 573; *Brown v. Parker,* 28 id. 21, 28. The circuit court had jurisdiction of the subject matter of the action, it being for the purpose of exercising a supervisory control over a judgment obtained by confession in a court of this state. *Blaikie v. Griswold,* 10 Wis. 293, 302; *Brown v. Parker,* 28 id. 21, 25; *Scheer v. Keown,* 34 id. 349, 363; *McCabe v. Sumner,* 40 id. 386, 389. The municipal court is not a court of concurrent and coordinate jurisdiction. Its power to act is confined to certain territorial limits, and is limited as to the amount involved; and its process must be served within its territorial jurisdiction. *Atkins v. Fraker,* 32 Wis. 514–517; *Zitske v. Goldberg,* 38 id. 217, 234. Under secs. 2900, 2942, R. S., the appellants, by docketing the judgment in the circuit court for Eau Claire county, voluntarily gave that court full control and jurisdiction over it as one of its own judgments. Otherwise, the appellants could not have invoked the aid of the court commissioner of the court below in supplementary proceedings to enforce collection of that judgment. Had this action been commenced in the municipal court, what

power had it, as an inferior court of limited jurisdiction, to restrain or control proceedings supplementary in a court of superior and general jurisdiction, and especially to act beyond the jurisdictional limits of the former? The circuit court had, at least, injunctional jurisdiction over its own commissioner to prevent the enforcement of the judgment within its own immediate jurisdiction; and if it had jurisdiction for that purpose it had it for every other necessary to determine all the equities of the parties to the original judgment. *Sexton v. Mann*, 15 Wis. 162; *Lee v. Peckham*, 17 id. 383, 391; *Hamilton v. Fond du Lac*, 25 id. 490, 495.

CASSODAY, J. This is a bill in equity brought in the circuit court for the county of Eau Claire. Its purpose is to cancel notes given, with warrants of attorney to confess judgment, more than twenty years prior to the commencement of this action, and to perpetually enjoin the collection of the judgment entered thereon. One of its objects is to make available as a defense to such judgment damages sustained by reason of an alleged warranty on the sale of the machinery for which the notes were given. Another object is to make available two alleged payments,— one before judgment and nearly twenty years before the commencement of this action, and the other after judgment and more than fourteen years before the commencement of this action. Since the notes were necessarily merged in the judgment, the purpose of the action is essentially to set aside and nullify the judgment. It is admitted in the complaint that the plaintiffs knew of the entry of the judgment against them about fifteen years before the commencement of this action. These gross laches, appearing upon the face of the complaint, would seem to be sufficient of themselves to preclude equitable interference. *Sable v. Maloney*, 48 Wis. 331; *Hiles v. Mosher*, 44 Wis. 601; *Coddington v. Railroad Co.* 103 U. S. 409; *Graham v. B., H. & E. R. Co.* 118 U. S. 161. We do not under-

stand this to be an action upon a judgment which may be brought within twenty years after the cause of action accrued, within the meaning of sec. 4220, R. S. Such an action is to confirm and enforce a judgment. This, on the contrary, is an action to avoid and set aside a judgment for alleged causes existing outside of the record. True, the defendants herein failed to plead the six years statute of limitation (subd. 7, sec. 4222, R. S.), or the ten years statute of limitation (subd. 4, sec. 4221, R. S.). But it has often been held that where a bill in equity discloses gross laches the court will, on its own motion, refuse relief even without such laches having been pleaded. *Sullivan v. P. & K. R. Co.* 94 U. S. 811; *Board of Comm'rs v. C., R. I. & P. R. Co.* 18 Fed. Rep. 209; *Frame v. Kenny's Heirs,* 2 A. K. Marsh. 145, 12 Am. Dec. 367, and notes; *Smith v. Thompson,* 7 Grat. 112, 54 Am. Dec. 126; *Skinner v. Deming,* 2 Ind. 558, 54 Am. Dec. 463, and notes.

But here the plaintiffs had a perfect remedy for their alleged grievances, by motion in the municipal court for the city of Ripon, which was a court of record. Jurisdiction therein could readily have been obtained by service upon the attorney of record in entering the judgment. This of itself was sufficient to require the refusal of equitable interference by any other court. *Graham v. B., H. & E. R. Co., supra; Henderson v. Mitchell,* 1 Bailey, Eq. 113, 21 Am. Dec. 526. As observed, the subject matter of this action is to open and set aside the judgment of the municipal court. The circuit court of Eau Claire county had no jurisdiction over such subject matter. This has, in effect, been recently decided by this court. *Orient Ins. Co. v. Sloan,* 70 Wis. 611. In that case Mr. Justice LYON has so fully discussed the question presented in this case as to require nothing additional here.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.