WESSLING, Appellant, vs. HIEB, Respondent.

*February 9—March 6, 1923.*

*Judgment on cognovit: Release of errors: Vacation of judgment: Discretion of court: Surprise: Time within which order must be made: Notice.*

1. Where judgment notes contained the usual provision for a release of errors and no irregularity or error appears on the face of the record, no relief can be granted by the supreme court on appeal.

Wessling v. Hieb, 180 Wis. 160.

2. A judgment upon confession, entered in a court having juris-
diction, is supported by the same presumptions with respect
to the regularity of the proceedings, the sufficiency of the
pleadings and evidence, and other matters essential to its
validity as a judgment in a contested action.
3. While a judgment by confession operates as a release of
errors, courts of law exercise an equitable jurisdiction over
such judgments and have power, in the exercise of a sound
discretion, to open, vacate, or set aside such a judgment for
good cause shown.
4. Where defendant executed judgment notes for corporate stock
with no knowledge as to the falsity of representations induc-
ing its purchase, and plaintiff entered judgment by confession
thereon, defendant claiming that before such judgment was
entered he had rescinded the purchase and demanded a re-
turn of the notes, which plaintiff agreed to return as soon as
an indebtedness of a third person for which he held the notes
as collateral had been paid, a vacation of the judgment by
confession on the ground of surprise under sec. 2832, Stats.,
is not disturbed.
5. A motion under said sec. 2832, Stats., is addressed to the
sound discretion of the court, and a strong case of the abuse
of such discretion must exist in order to reverse an order
vacating a judgment entered upon default.
6. A judgment on confession was entered in May, 1921, but de-
fendant had no knowledge of such entry until September,
1921, and procured an order vacating the judgment in July,
1922. The order being made within one year after notice of
the entry of judgment was timely within sec. 2832, Stats.,
giving the court discretion, at any time within one year after
notice, to relieve a party from a judgment taken through mis-
take, surprise, or excusable neglect.

APPEAL from an order of the circuit court for Eau Claire
county: JAMES WICKHAM, Circuit Judge.   *Affirmed.*

The appeal is by plaintiff from an order vacating the
judgment of said court entered on cognovit on May 6, 1921.

In support of the application for the vacation of the
judgment the defendant submitted his affidavit, in which,
among other things, he averred that on or about the 1st day
of November, 1920, the plaintiff falsely and fraudulently
represented to him that one of the heavy stockholders of
the Burlock Rubber Clothing Company had placed upon

the market a large block of his stock for sale at $30 per share and that such stock could be purchased for that sum, and that the actual book value of such stock was $32.50 per share, and that in reliance upon such representations made by the plaintiff the defendant was induced to and did purchase from the plaintiff 195 shares of the stock of said company for $5,850, for which he paid in cash and gave his two judgment notes for $1,000 each, dated November 1, 1920, and due in ninety days; that on or about December 20, 1920, he discovered the falsity of such representations and that the actual book value of the stock of said company on the date of such representations was nil, and that the plaintiff at all times knew of the falsity of such representations, and that they were expressly made by the plaintiff for the purpose of deceiving the defendant and inducing him to purchase such stock while relying upon such representations; that on or about the 4th of January, 1921, the defendant notified the plaintiff of the discovery of such alleged fraud, and rescinded the stock purchase and tendered back the stock and demanded a return of the money and of the notes, which demand plaintiff refused to recognize or honor; that on or about January 29, 1921, and on February 16, 1921, the defendant, accompanied by his attorney, one Ralph E. Smith, called upon the plaintiff at his residence in the city of Chicago and again demanded the return of the consideration for such stock, including the notes, and that the plaintiff at such times admitted that he held such notes as collateral to the payment of an indebtedness of one E. I. Fitzgerald for the sum of $3,300, and that such notes would be surrendered to defendant upon the payment by the said E. I. Fitzgerald of said indebtedness to the plaintiff.

That the plaintiff at all times was a resident of Chicago, and that the defendant, to plaintiff's knowledge, for many years had been, and was in the year 1921, a resident of Merrill, Lincoln county, Wisconsin, and that the plaintiff,

well knowing the defendant's residence and having knowl-
edge of the alleged defense to such notes, procured a judg-
ment on cognovit thereon in the circuit court for Eau
Claire county, Wisconsin, on May 6, 1921, without giving
the defendant any notice thereof or affording him an oppor-
tunity to defend.

The affidavit of the defendant was supported by the
affidavit of Ralph E. Smith, his attorney, who on Novem-
ber 10, 1921, secured an order to show cause in the lower
court why the judgment herein should not be vacated, bas-
ing the same upon the affidavits aforesaid.

The plaintiff, among other things, filed his own affidavit,
in which he specifically denied the making of the alleged
fraudulent representations set forth in defendant's affidavit,
and also denied that the defendant purchased said stock in
reliance upon said representations, or that the defendant
ever rescinded such purchase or offered or tendered back
to plaintiff said shares of stock. The plaintiff also averred
that the stock purchased by the defendant belonged to
one E. I. Fitzgerald, the treasurer, and a director and
stockholder, of the Burlock Rubber Clothing Company, and
that such purchase of stock was expressly made by the de-
fendant from said Fitzgerald through the agency of the
plaintiff, and that the plaintiff in fact at no time was the
owner of any of such stock so sold, but was merely acting
as the agent of the owner, and that the promissory notes
were, at the request of the defendant, made payable to him
instead of said Fitzgerald because said Fitzgerald held
numerous notes of the defendant, and because the defend-
ant did not wish any more of his notes to be so held, and
that pursuant to such request, and not otherwise, such notes
were thereupon delivered to the said plaintiff, who there-
after indorsed the same over to said Fitzgerald, and that
said Fitzgerald thereafter indorsed them to the plaintiff as
collateral for an indebtedness owing the latter on account of
commissions earned on the sale of stock of said company

for said Fitzgerald.    Plaintiff's affidavit also alleges that the defendant at all times was a heavy stockholder and a director of said company; that he had implicit faith in and full knowledge of the value of said stock and was desirous of obtaining a controlling interest in the company.

Upon the hearing of said order to show cause the court opened said judgment, but permitted the judgment to stand as security for plaintiff's claim, to abide the results of the action, and conditioned such relief upon defendant's paying forthwith to plaintiff's counsel the costs, fixed at $20. From this order plaintiff has taken this appeal.

For the appellant the cause was submitted on the brief of *Bundy, Beach & Holland* of Eau Claire.

For the respondent there was a brief by *Smith & Wurster* of Merrill, and oral argument by *Ralph E. Smith.*

DOERFLER, J.    The judgment notes in question contained the usual provision for a release of errors, and, no irregularity or error appearing on the face of the record, no relief could be granted by this court from the judgment on an appeal.    It is also the rule that a judgment upon confession, entered in a court having jurisdiction, is supported by the same presumptions with respect to the regularity of the proceedings, the sufficiency of the pleadings and evidence, and other matters essential to its validity as a judgment in a contested action.    23 Cyc. 720, and cases cited in note 90.

The rule has also been laid down that while a judgment by confession operates as a release of errors and therefore cannot ordinarily be carried up by appeal or *certiorari,* yet courts of law exercise an equitable jurisdiction over judgments entered in this way, and have power, in the exercise of a sound discretion, to open, vacate, or set aside such a judgment for good cause shown.    23 Cyc. 721, 722; *Second Ward Sav. Bank v. Schranck,* 97 Wis. 250, 73 N. W.

31, 39 L. R. A. 569; *McCabe v. Sumner,* 40 Wis. 386; *Brown v. Parker,* 28 Wis. 21.

Plaintiff's counsel strenuously contend that the equitable power above referred to, and the right to a bill of review as it existed under the former practice, under the decisions in *Crowns v. Forest L. Co.* 102 Wis. 97, 78 N. W. 433; *Zinc C. Co. v. First Nat. Bank,* 103 Wis. 125, 79 N. W. 229; *Bloor v. Smith,* 112 Wis. 340, 87 N. W. 870, and in other cases, have been merged by the Code in the provisions of sec. 2832 of the Statutes, which reads as follows:

"*Relief from judgments and orders.* Section 2832. The court or a judge may likewise, in discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceedings; and whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of law the court may, in like manner and upon like terms, permit an amendment of such proceeding so as to make it conformable thereto."

Assuming the correctness of the contention of plaintiff's counsel, let us examine this application in order to ascertain whether or not the same can be deemed properly to come within the purview of said section of the statutes. Taking the averments in defendant's affidavits in support of the application as true, the notes were executed at a time when the defendant had no knowledge whatever as to the falsity of the alleged fraudulent statements which the defendant claims were the inducing cause of his purchase of the stock. The alleged fraud came to his knowledge a considerable period of time after the execution of the notes. The notes themselves are regular on their face; and unless they were procured by fraud or were subject to other defenses, particularly those coming to defendant's knowledge or springing into being after their execution, no relief can be granted

under said section of the statutes. In the instant case the trial court, for the purpose of this application, determined that a proper defense was set forth in defendant's affidavits. It is alleged that the stock sold to the defendant was the property of the plaintiff. This allegation is specifically denied by the plaintiff. It is also alleged in defendant's affidavit that the plaintiff represented that the book value of the stock was $32.50 per share. The making of this representation is also denied in plaintiff's affidavit. If such representation as to book value was made and was false, and was made with a fraudulent intent, for the purpose of inducing the defendant to purchase, then it cannot be successfully maintained that such representation so made was not with reference to an existing material fact.

Defendant avers that the notes were executed and delivered to the plaintiff because he purchased the stock from him. According to plaintiff's affidavits, such notes were made payable to the plaintiff at the request of the defendant, for the reason that defendant objected to the delivery of any more of his notes to said Fitzgerald. So that, upon the record, there is a sharp conflict as to all of the material allegations in the affidavits of the parties, which can only be solved in a proper manner by a trial of the issues so raised. It may be said, however, at this point that the execution of these notes to the plaintiff and their delivery to him may have been very persuasive to the trial court.

It is not strenuously contended by defendant's counsel that the application was made on account of either mistake, inadvertence, or excusable neglect; on the contrary, it appears to be based upon the element of surprise. Defendant and his counsel in their affidavits on file expressly aver that when they called upon the plaintiff in the city of Chicago in the months of January and February, 1921, they rescinded the purchase, tendered back the stock, and demanded a return of the notes and of the cash, and that the plaintiff thereupon agreed to return the notes as soon as

the indebtedness of said Fitzgerald to the plaintiff had been paid. The defendant's visit to Chicago in February was after the date of the maturity of the notes and after payment had been demanded. If these statements contained in defendant's affidavit are in accordance with the truth, then the promise or agreement of the plaintiff to return the notes created a situation pursuant to which the defendant was relieved from taking prompt action to protect himself from a judgment on the notes. The judgment entered in May, 1921, in the lower court may well be deemed, therefore, to furnish the element of surprise contemplated by sec. 2832, Stats.

It will appear from the reported cases involving the opening of judgments on cognovits that courts generally have evinced great liberality in affording relief, and this is especially so in respect to cases involving the element of fraud and where defenses have arisen subsequent to the execution of the notes. It is the policy of the law to afford all litigants a day in court and an impartial trial upon material issues involved and presented. Without this attitude it can be readily seen that great injustice frequently may be perpetrated in such a manner as to afford the injured party no adequate relief. But while this court has construed the provisions of sec. 2832, which is a remedial statute, liberally for the purpose of accomplishing the ends for which the statute was passed, nevertheless it is incumbent upon those relying upon the statute to comply reasonably with all the requirements involved in the opening of judgments. However, a motion under this section is addressed to the sound discretion of the court, and it has been held that a strong case of its abuse must exist in order to reverse it. *Kalckhoff v. Zoehrlaut,* 43 Wis. 373; *Seymour v. Chippewa Co.* 40 Wis. 62.

In the instant case the order opening the judgment was made and entered more than one year after the rendition thereof. According to the uncontradicted averments in the

affidavits filed by the defendant, knowledge or notice of the entry of the judgment did not come to him until some time in September, 1921, and while the order appealed from was entered in July, 1922, such order was made within the one-year period after notice or knowledge of the entry of the judgment came to the defendant. It was therefore timely. *Turner v. Leathem,* 84 Wis. 633, 54 N. W. 1001; *Butler v. Mitchell,* 17 Wis. 52.

Reasonable protection has been afforded plaintiff under that provision of the order wherein the judgment is permitted to stand as security to any claim which the plaintiff might ultimately establish on the final outcome of the trial.

Under the facts and circumstances above referred to, therefore, we hold that the order of the trial court was proper and cannot be disturbed.

*By the Court.*—Order affirmed.