UEBELE, Respondent, vs. ROSEN, Appellant.

*November 6—December 3, 1957.*

For the appellant there was a brief and oral argument by *Charles E. Wilson* of Elkhorn.

For the respondent there was a brief by *Lehman & Seymour* of Elkhorn, and oral argument by *R. F. Lehman.*

MARTIN, C. J.  The following facts are presented in the moving papers: Defendant is and was a farmer and feeder of livestock in the town of East Troy.  He purchased quantities of feed and other materials for use in his farming operations from the Burlington Feed Company, a corporation of which the plaintiff was one of the principal officers. During the period January 1, 1950, to September 23, 1953, defendant made purchases for which he was charged on the corporation's books sums totaling approximately $50,000. On March 21, 1953, defendant paid the corporation $12,000 and on September 23, 1953, according to the books of the

company, he was still indebted to it in the sum of $3,033.46. He was also indebted to the plaintiff, individually, for $14,322.50 on account of moneys advanced by plaintiff and paid to the corporation to apply on the defendant's account. On September 23d defendant paid $14,322.50 to the plaintiff and also paid the Burlington Feed Company $3,033.46, the balance of his account. Defendant's affidavit further states:

". . . that in truth and in fact affiant did not justly owe to said Burlington Feed Company on said date the sum of Three Thousand Thirty-three and 46/100 Dollars ($3,033.46) but, by reason of several mistakes, overcharges, and inaccuracies in the records of the corporation the actual amount of affiant's indebtedness to said corporation was substantially less than said sum; that said corporation and the above-named plaintiff, Walter F. Uebele, Sr., recognized the fact of such overcharges and inaccuracies and that, in order to correct such overcharges against affiant and to adjust the inequities arising from said inaccuracies, and as a token of his appreciation of the act of affiant in paying the plaintiff and the Burlington Feed Company the entire amounts of their respective claims at that time when this affiant was in a precarious financial condition, the said plaintiff gave to this affiant a bank check of the plaintiff in the face amount of Two Thousand Dollars ($2,000); that at that time and upon the pretense and excuse that he, the plaintiff, needed the same for some purpose in connection with his income-tax returns, the said plaintiff induced this affiant to sign the note dated December 14, 1953, on which the above-mentioned judgment is based; that when the said note was signed by affiant there were several blanks in the printed form of the note which have since been filled and that the same has been altered in various respects without the consent and without any authorization from this affiant; that at the time of the signing of said note the above-named plaintiff stated and represented to this affiant that the said note was not to bear interest, was not to be recorded, and was not to be collected but was to be used by the plaintiff

merely in connection with his income-tax returns; that relying upon said representations this affiant consented to and did sign the said note in its then blank and incomplete form; that no demand for payment of said note or of interest thereon or of any part of said items was ever made upon this affiant from and after the date of the signing of said note until after the entry of judgment thereon on November 27, 1956."

Defendant's proposed answer alleges three defenses: Unauthorized alteration of the note; failure of consideration for the note; and inducement and procurement of the note by fraudulent representations.

As to the first, the trial court states, "The note shows no visible indication of erasure or alteration" and that:

"(c) The affidavit fails to specify what blanks were in the printed form of the note and what alterations are claimed. Sec. 116.18 statutes specifically authorizes the filling in of blanks in an uncompleted instrument.

"(d) If the agreement was for *no interest* why did the maker sign the note without inserting a 'no' in the second line of the note before the symbol '%'? How does the maker intend to prove this alleged oral agreement? Presumably by parol evidence."

In effect, without affording the defendant the opportunity to offer proof of his allegations, the trial court decided the matter on its merits. This was error. The general rule was well stated in a memorandum opinion written as trial judge by the late Mr. Justice GEHL in *State ex rel. Chinchilla Ranch v. O'Connell* (1952), 261 Wis. 86, 88, 51 N. W. (2d) 714:

" 'The courts have generally been quite liberal in opening judgments entered on cognovit. *Wessling v. Hieb*, 180 Wis. 160. And where a substantial defense is pleaded, even though it is attacked as sham, the court should permit its presentation. *State ex rel. Bobroff v. Braun*, 209 Wis. 483.

" 'Plaintiff may be entirely correct in his contention that defendant will be unable to establish its defense by proof,

but the court may not so assume. The court is compelled to assume that the defense is offered in good faith, and since it pleads one the principles of equity require that he be given that opportunity.' "

The trial court states that defendant failed to specify what blanks were in the printed form of the note. Why should he not be afforded an opportunity to show what they were? The court deprives him of this opportunity. The fact that "The note shows no visible indications of erasure or alteration" does not prove no alteration was made. Alteration of a written instrument is not always disclosed by ordinary visual examination. And the court's question, why the maker did not insert a "no" in the blank intended for use in stating the interest rate, only indicates the need for proof. Sec. 116.18, Stats., does authorize the filling in of blanks in an uncompleted instrument, but it provides that an instrument completed after execution "must be filled up strictly in accordance with the authority given." If the defendant can show that the insertion of interest after execution was unauthorized, this is at least a partial defense. The trial court improperly assumed that proof of alteration or unauthorized filling of blanks was impossible under the rules. We do not know what evidence will be produced; this is a matter for the trial.

As to lack of consideration, defendant alleges he received the $2,000 as an adjustment of overcharges in his account at the Burlington Feed Company and as a token of plaintiff's appreciation for the payment of his obligations to the feed company and to plaintiff. While the trial court may be correct in saying that "Gratuities in this amount are uncommon," we must assume for the purposes of defendant's motion that he can prove the overcharges and other facts necessary to establish the defense alleged.

Finally, the defense of inducement by fraud is dismissed by the trial court with the statement:

"(e) One cannot claim a legal right dependent upon illegal conduct. Defendant claims the note was given for 'some purpose in connection with plaintiff's income-tax returns.' So far as this court is concerned, such an admission bars further court action and we will leave this party exactly where we found him."

We cannot agree that the transaction as described in the moving papers requires the conclusion that defendant engaged in illegal conduct. He alleges that it was plaintiff's representation that he, the plaintiff, needed the note for use in connection with his income-tax returns; that such representations were "pretense and excuse." Defendant is a farmer and livestock feeder. What his knowledge and experience in income-tax matters may be we do not know. Not until the facts are presented on a trial will it be possible to determine whether or not he comes into court with clean hands.

Examination of the record discloses that the note on its face shows "W. F. Uebele" as maker; that appears in the upper left-hand corner of the note. It is made payable to "Walter F. Uebele, Sr.," and is signed at the bottom by "Max Rosen." What this means we do not know, but defendant should be allowed to explain. It apparently refutes any idea that the defendant was an experienced business man.

*By the Court.*—Order reversed, and cause remanded with instructions to enter an order opening the judgment and allowing the defendant to defend.