QUINN DISTRIBUTORS, INC., Respondent, v. MILLER, Appellant.

*No. 302. Argued June 2, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 552.)

292

For the appellant there was a brief and oral argument by *Morris J. Hack* of Milwaukee.

For the respondent there was a brief by *Wickert & Fuhrman,* attorneys, and *Aaron Belongia* of counsel, all of Brown Deer, and oral argument by *Mr. Belongia.*

BEILFUSS, J. The question before us is whether the affidavit and the proposed answer of October 8, 1968, entitle the defendant to open the judgment and defend the action.

Sec. 269.46 (1), Stats., provides:

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense."

The defendant, Miller, contends that he should be allowed to defend the action because he has a good defense and because he was surprised by the taking and entry of the judgment.

Miller asserts, and plaintiff-respondent generally agrees, that our court has been liberal in opening judgments taken on cognovit.

In *Uebele v. Rosen* (1957), 2 Wis. 2d 339, 342, 343, 86 N. W. 2d 439, the court said:

"The general rule was well stated in a memorandum opinion written as trial judge by the late Mr. Justice GEHL in *State ex rel. Chinchilla Ranch v. O'Connell* (1952), 261 Wis. 86, 88, 51 N. W. (2d) 714:

" ' "The courts have generally been quite liberal in opening judgments entered on cognovit. *Wessling v. Hieb,* 180 Wis. 160. And where a substantial defense is pleaded, even though it is attacked as sham, the court

should permit its presentation. *State ex rel. Bobroff v. Braun,* 209 Wis. 483.

" ' "Plaintiff may be entirely correct in his contention that defendant will be unable to establish its defense by proof, but the court may not so assume. The court is compelled to assume that the defense is offered in good faith, and since it pleads one the principles of equity require that he be given that opportunity." ' "

In the affidavit filed in support of the motion it is stated:

"3. That the defendant had no notice that the within action had been commenced or judgment taken until after judgment was taken, that is, February 27, 1968. That the within action is on a cognovit note given by defendant to one E. R. Flint & Co. That in fact on October 4, 1967, defendant was notified by the Wisconsin Department of Taxation that said note had been assigned to it, and further, on January 25, 1968, defendant was advised that said note had been listed as an asset in the bankruptcy of said E. R. Flint & Co. Thus the judgment obtained by the within plaintiff, Quinn Distributors, Inc., came by surprise to the defendant."

The proposed answer of the defendant denies the note "was made, executed and delivered for a valuable consideration," and denies the plaintiff, Quinn, is a lawful owner and holder of the note. The answer sets forth four affirmative defenses.

"6. Alleges that the said promissory note was discharged and satisfied by the filing of a mechanics' lien by E. R. Flint & Co. on August 14, 1967 in the office of the clerk of circuit court of Milwaukee county against the defendant herein for the sum of $20,368.00, a sum greater than the claim for which said promissory note was given.
" . . .
"8. Alleges that the said promissory note was discharged and satisfied by the assignment by E. R. Flint & Co. on October 4, 1967 to the Wisconsin Department of Taxation of the account in the sum of $15,945.00 for which said promissory note was given.
" . . .

"10. Alleges that the said promissory note was discharged and satisfied by the election on January 25, 1968 of E. R. Flint & Co., the payee on said promissory note, (in the bankruptcy proceedings of E. R. Flint & Co. in the Federal District Court for the Eastern District of Wisconsin), by listing as an account receivable from the defendant the sum of $15,945.00 for which said promissory note was given.

". . .

"12. Alleges that the plaintiff is not a holder in due course of said promissory note.

"13. Alleges that E. R. Flint & Co., the payee of said promissory note, induced its making, execution and delivery by the defendant by the misrepresentation that Southern Builders, Inc. and 1776 Peachtree Corp. were indebted to E. R. Flint & Co. in the sum of $15,945.00."

We must first determine whether the complaint, the affidavit and the proposed answer raise the issue of whether the plaintiff, Quinn, is a holder in due course. If Quinn is not a holder in due course it is subject to defenses against the note,[1] and if and when the note was assigned to Quinn it was apparent from the face of the note that it was overdue, Quinn was not a holder in due course.[2]

The answer alleges Quinn was not a holder in due course which is, of course, a conclusion of law. However, the complaint alleges the due date of the note as September 9, 1968, and then alleges it was "subsequently" assigned to Quinn. While there may be some ambiguity in the allegations of the complaint, there is sufficient question as to when the note was assigned to raise the issue.

The first three affirmative defenses may not constitute defenses in that they would not have the effect of discharging and satisfying Miller's obligation on the note, but we need not decide that issue herein. The allegations do serve that statutory ground of "surprise"

[1] *See* sec. 403.306, Stats.

[2] *See* sec. 403.302, Stats.

in sec. 269.46 (1), Stats., *supra.* Miller claims in effect the note or the obligation underlying the note was satisfied by the filing of the mechanic's lien or was assigned to the department of taxation or trustee in bankruptcy, and that in the normal course of events he could assume that one of those sources would pursue payment or judgment and not Quinn.

The allegation of the fourth affirmative defense, although not artfully presented, is sufficient to raise an issue of misrepresentation concerning the obligation underlying the note.

In recognition of the liberality extended to attempts to open judgments taken on cognovit notes, we are of the opinion that the judgment should be opened and the defendant allowed to serve and file his answer and have his day in court.

"It will appear from the reported cases involving the opening of judgments on cognovits that courts generally have evinced great liberality in affording relief, and this is especially so in respect to cases involving the element of fraud and where defenses have arisen subsequent to the execution of the notes. It is the policy of the law to afford all litigants a day in court and an impartial trial upon material issues involved and presented. Without this attitude it can be readily seen that great injustice frequently may be perpetrated in such a manner as to afford the injured party no adequate relief. But while this court has construed the provisions of sec. 2832, which is a remedial statute, liberally for the purpose of accomplishing the ends for which the statute was passed, nevertheless it is incumbent upon those relying upon the statute to comply reasonably with all the requirements involved in the opening of judgments. However, a motion under this section is addressed to the sound discretion of the court, and it has been held that a strong case of its abuse must exist in order to reverse it. *Kalckhoff v. Zoehrlaut* 43 Wis. 373; *Seymour v. Chippewa Co.* 40 Wis. 62." *Wessling v. Hieb* (1923), 180 Wis. 160, 167, 192 N. W. 458.

*By the Court.*—Order reversed, judgment opened, lien of the judgment to stand pending the outcome of the trial of issue upon the merits.