SEDLET PLUMBING & HEATING, INC., Respondent, v. VILLAGE COURT, LTD., and another, Appellants.

*No. 263. Submitted November 27, 1973.—Decided December 21, 1973.*
(Also reported in 212 N. W. 2d 681.)

For the appellants the cause was submitted oń the brief of *George E. Frederick,* attorney, and *Francis X. Krembs* of counsel, both of Milwaukee.

For the respondent the cause was submitted on the brief of *Bernstein, Wessel & Lewis,* attorneys, and *John H. Wessel* of counsel, all of Milwaukee.

HALLOWS, C. J. Application to set aside the judgment was made under sec. 269.46, Stats.,[1] which gives a trial court discretion to relieve a party from a judgment obtained against him through his mistake, inadvertence, surprise or excusable neglect. This court has taken a liberal view in setting aside judgments entered on cognovits; in fact, a much more liberal view than when the judgment is entered after service of process and an opportunity to put in a defense. Cases like the present one may be infrequent in this court in the future because the legislature by ch. 327 of the Laws of 1971 has repealed sec. 270.69, Stats. 1969, and re-created it so as to forbid the creditor to take or accept a warrant or power of attorney to confess judgment.[2] However, the instant case is governed by former sec. 270.69.[3]

[1] "The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation, or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."

[2] "270.69 **No judgment without action.** No creditor may take or accept a warrant or power of attorney or other authorization for the creditor, or other person acting on his behalf, to confess judgment or otherwise act as the agent for the debtor in any respect. This section shall apply to notes executed after June 18, 1972."

[3] "270.69 **Judgment without action; warrant of attorney.** (1) A judgment upon a bond or promissory note may be rendered, without action, either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant or both, in the manner prescribed in this section.

In *Quinn Distributors, Inc. v. Miller* (1969), 43 Wis. 2d 291, 293, 294, 168 N. W. 2d 552, and in *Uebele v. Rosen* (1957), 2 Wis. 2d 339, 342, 343, 86 N. W. 2d 439, this court approved the rule stated in *State ex rel. Chinchilla Ranch v. O'Connell* (1952), 261 Wis. 86, 88, 51 N. W. 2d 714:

" 'The courts have generally been quite liberal in opening judgments entered on cognovit. *Wessling v. Hieb,* 180 Wis. 160. And where a substantial defense is pleaded, even though it is attacked as sham, the court should permit its presentation. *State ex rel. Bobroff v. Braun,* 209 Wis. 483.

" 'Plaintiff may be entirely correct in his contention that defendant will be unable to establish its defense by proof, but the court may not so assume. The court is compelled to assume that the defense is offered in good faith, and since it pleads one the principles of equity require that he be given that opportunity.' "

The affidavit of Gonis in support of his petition alleges excusable neglect because the judgment was entered on a cognovit without notice. In his answer Gonis denied the

---

"(2) The plaintiff shall file his complaint and an answer signed by the defendant or some attorney in his behalf, confessing the amount claimed in the complaint or some part thereof, and such bond or note and, in case such answer is signed by an attorney, an instrument authorizing judgment to be confessed. The plaintiff or some one in his behalf shall make and annex to the complaint an affidavit stating the amount due or to become due on the note or bond, or if such note or bond is given to secure any contingent liability the affidavit must state concisely the facts constituting such liability and must show that the sum confessed does not exceed the same. The judgment shall be signed by the court or a judge and shall be thereupon entered and docketed by the clerk and enforced in the same manner as judgments in other cases.

"(3) Within 30 days after a judgment is entered under sub. (2) the plaintiff shall, by certified mail, transmit notice of entry thereof to the judgment debtor at his last known address. Failure to transmit such notice shall invalidate the judgment."

execution of the cognovit note, and the answer of Village Court alleges the note was executed on February 6, 1971, and that a payment was made of $8,500 on February 26, 1971; its answer also alleges the amount of the promissory note is incorrect and denies any liability. The counteraffidavit of Sedlet Plumbing alleges the answers are inconsistent and that the defendants were orally advised that a judgment would be taken and was so taken because of the failure of Gonis to communicate with Sedlet Plumbing thereafter.

In denying the motion to set aside the judgment, the trial court remarked:

"This court recalls that Village Court and John G. Gonis have been in this court on numerous occasions in the last year and a half or two years, and he has been represented by counsel and different counsel. He is an intelligent man. It seems to me that this proceeding is purely dilatory. He did not act promptly upon it. The notice of entry of judgment was served upon him, and he did nothing about it for some time. The motion is denied. That's all."

From the record we cannot see how the defendants were dilatory. They acted within six or seven weeks of the entry of the judgment and the statute allows a year. There are no facts stated in the opinion except that defendants had been in court on numerous occasions. The court then concluded that the proceeding was "purely dilatory." The brief of Sedlet Plumbing contains reference to factual matters made in argument before the trial court which are *dehors* the record. An appellate court must confine itself to the record and this record leaves much to be desired, both from the facts set forth in the affidavits and in the opinion of the trial court.

It may be the defenses proposed cannot be proved, but this court is compelled to assume that they are advanced in good faith in the absence of facts to the contrary in

the record.  Admittedly, the defendants' petition which is brought under sec. 269.46, Stats., would not be sufficient if this were not a cognovit judgment, but we conclude the trial court should have followed the liberal policy set forth in *Quinn* and *Uebele* and have set aside the judgment and ordered a trial of the case forthwith.

*By the Court.*—Order reversed, with direction to grant the petition to set aside the cognovit judgment.